**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No**. _____

DARRELL HAVENS

Plaintiff,

v.

DETECTIVE WILLIAM JOHNSON, individually and in his capacity as a paid peace officer and as an Employee and/or Agent of the Arvada Police Department and the City of Arvada;

DETECTIVE MARKS MANTYCH, individually and in his capacity as a paid peace officer and as an Employee and/or Agent of the Arvada Police Department and the City of Arvada;

DETECTIVE BICKMORE, individually and in his capacity as a paid peace officer and as an Employee and/or Agent of the Arvada Police Department and the City of Arvada;

DETECTIVE R. J. VANDER VEEN, individually and in his capacity as a paid peace officer and as an Employee and/or Agent of the Arvada Police Department and the City of Arvada;

DETECTIVE ROEMER individually and in his capacity as a paid peace officer and as an Employee and/or Agent of the Arvada Police Department and the City of Arvada;

SGT. LINK STRATE  individually and in his capacity as a paid peace officer and as an Employee and/or Agent of the Arvada Police Department and the City of Arvada;

ARVADA POLICE CHIEF DON WICK individually and in his capacity as a paid peace officer and as an Employee and/or Agent of the Arvada Police Department and the City of Arvada;

ARVADA POLICE DEPARTMENT, in its capacity as an Agent and/or independent contractor of the City of Arvada;

THE CITY ARVADA, in its capacity as a governmental entity;

THE CITY OF ARVADA, as the employer of Detective WILLIAM JOHNSON, DETECTIVE MARK MANTYCH, DETECTIVE R. J. VANDER VEEN, DETECTIVE ROEMER, SGT. LINK STRATE, and the Arvada Police Department;

THE DEFENDANT LAW ENFORCEMENT OFFICERS WHOSE NAMES ARE UNKNOWN BUT WHO ARE IDENTIFIED IN THE ATTACHED POLICE PHOTOGRAPHS AT EXHIBITS 'A" through "D" INCLUDING PHOTOS AT DSC-6233, DSC-6234, DSC-6252, DSC-6264, DSC-6280, DSC-6303, DSC-6314, DSC-6326, DSC-6338, DSC-6360, DSC-6371, DSC-6442, DSC-6474;

UNKNOWN DENVER POLICE OFFICERS, including members of the Denver Metro Auto Theft Team, individually and in their capacity as paid peace officers and as Employees and/or Agents of the Denver Police Department and the City of Denver;

BILLY MAYFIELD of the Colorado State Patrol, individually and in his capacity as paid peace officers and as Employee and/or Agent of the State of Colorado;

UNKNOWN COLORADO STATE PATROL OFFICERS individually and in their capacity as paid peace officers and as Employees and/or Agents of the State of Colorado;

UNKNOWN LONE TREE OFFICERS individually and in their capacity as paid peace officers and as Employees and/or Agents of the CITY OF LONE TREE;

UNKNOWN OFFICERS OF THE JEFFERSON COUNTY SHERIFF'S OFFICE, INCLUDING JEFFERSON COUNTY 'S CRITICAL INCIDENT RESPONSE TEAM, individually and in their capacity as paid peace officers and as Employees and/or Agents of Jefferson County;

ROBERTO RAMIREZ, in his individual capacity and in his official capacity as the ARVADA CITY ATTORNEY;

DAVID MICHAUD, individually and in his official capacity as Chairman of the Colorado Board of Parole and as an Employee of the State of Colorado;

BECKY R.LUCERO, individually and in her official capacity as Chairman of the Colorado Board of Parole and as an Employee of the State of Colorado;

MICHAEL E. ANDERSON, individually and in his official capacity as Vice-Chair of Colorado Board of Parole and as an Employee of the State of Colorado;

DEBORAH C. ALLEN, individually and in her capacity as board member of the Colorado Board of Parole and as an employee of the State of Colorado;

MICKEY HECKENBACH, individually and in her capacity as board member of the Colorado Board of Parole and as an employee of the State of Colorado;

REBECCA L. OAKES, individually and in her capacity as board member of the Colorado Board of Parole and as an employee of the State of Colorado;

JOHN M. O'DELL, individually and in his capacity as board member of the Colorado Board of Parole and as an employee of the State of Colorado;

CELESTE M. QUINONES, individually and in her capacity as board member of the Colorado Board of Parole and as an employee of the State of Colorado;

COLORADO BOARD OF PAROLE;

DAVID M. ZUPAN, individually and as Warden of the Fort Lyon Correctional Facility;

THE FORT LYON CORRECTIONAL FACILITY;

COLORADO DEPARTMENT OF CORRECTIONS;

STATE OF COLORADO;

UNKNOWN DRUG ENFORCEMENT AGENCY (DEA) OFFICERS individually and in their capacity as paid peace officers and as Employees and/or Agents of the UNITED STATES OF AMERICA;

THE UNITED STATES DRUG ENFORCEMENT AGENCY;

THE UNITED STATES OF AMERICA; AND

JOHN DOES 1-20, whose names and identities are unknown, individually and in their capacity as governmental officers or employees; peace officers; and/or agents of the Arvada Police Department and/or the City of Arvada and /or the State of Colorado and/or the United States of America

Defendants

---

## COMPLAINT AND JURY DEMAND

---

Comes now the Plaintiff DARELL HAVENS, by and through his attorneys, William Muhr, *Attorneys and Counselors at Law*, LLP, retained by Darrell Havens on February 17, 2011, and hereby states and alleges as follows:

## PARTIES

1.     At all times material hereto, the Plaintiff, DARRELL HAVENS (hereinafter "DARRELL HAVENS"), was a resident of Denver, State of Colorado.

2.     At all times material hereto, Defendant, DETECTIVE WILLIAM JOHNSON, was a paid peace officer and an Employee and/or Agent of the Arvada Police Department and the City of Arvada;

3.     At all times material hereto, Defendant, DETECTIVE MARK MANTYCH, was a paid peace officer and an Employee and/or Agent of the Arvada Police Department and the City of Arvada;

4.     At all times material hereto, DETECTIVE BICKMORE, was a paid peace officer and an Employee and/or Agent of the Arvada Police Department and the City of Arvada;

5.     At all times material hereto, Defendant, DETECTIVE R. J. VANDER VEEN, was a paid peace officer and an Employee and/or Agent of the Arvada Police Department and the City of Arvada;

6.     At all times material hereto, Defendant, DETECTIVE ROEMER, was a paid peace officer and an Employee and/or Agent of the Arvada Police Department and the City of Arvada;

7.      At all times material hereto, Defendant, SGT. LINK STRATE,  was a paid peace officer and an Employee and/or Agent of the Arvada Police Department and the City of Arvada;

8.      At all times material hereto, Defendant, ARVADA POLICE CHIEF DON WICK, was a paid peace officer and Employee and/or Agent of the Arvada Police Department and the City of Arvada;

9.      At all times material hereto, Defendant, ARVADA POLICE DEPARTMENT, was an agent or independent contractor for the City of Arvada;

10.     At all times material hereto, Defendant, THE CITY OF ARVADA, was a governmental entity and/or political subdivision of the State of Colorado;

11.     At all times material hereto, Defendant, THE CITY OF ARVADA, was the employer of Detective WILLIAM JOHNSON, DETECTIVE

MARK MANTYCH, DETECTIVE R. J. VANDER VEEN, DETECTIVE

ROEMER, SGT. LINK STRATE, and the Arvada Police Department;

12.    At all times material hereto, Defendant, THE DEFENDANT LAW

ENFORCEMENT OFFICERS WHOSE NAMES ARE UNKNOWN BUT

WHO    ARE    IDENTIFIED    IN    THE    ATTACHED    POLICE

PHOTOGRAPHS AT EXHIBITS 'A" through "D" AS DSC-6233, DSC-

6234,DSC-6252, DSC-6264, DSC-6280, DSC-6303, DSC-6314, DSC-6326,

DSC-6338, DSC-6360, DSC-6371, DSC-6442, DSC-6474 were employees

and or agents of the City of Arvada, State of Colorado, or of the United

States.

13.    At all times material hereto, DEFENDANTS, UNKNOWN DENVER

POLICE OFFICERS, including members of the Denver Metro Auto Theft

Team, were paid peace officers and Employees and/or Agents of the Denver

Police Department and the City of Denver;

14.    At all times material hereto, DEFENDANT BILLY MAYFIELD was

a Colorado State Patrol officer and a paid peace officers and as Employee

and/or Agent of the State of Colorado;

15.   At all times material hereto, DEFENDANTS UNKNOWN COLORADO STATE PATROL OFFICERS were paid peace officers and Employees and/or Agents of the State of Colorado;

16.   At all times material hereto, DEFENDANTS UNKNOWN LONE TREE OFFICERS were paid peace officers and Employees and/or Agents of the CITY OF LONE TREE;

17.   At all times material hereto,   DEFENDANTS UNKNOWN OFFICERS OF THE JEFFERSON COUNTY SHERIFF'S OFFICE, INCLUDING JEFFERSON COUNTY 'S CRITICAL INCIDENT RESPONSE TEAM, were paid peace officers and Employees and/or Agents of Jefferson County;

18.   At all times material hereto, DEFENDANT, ROBERTO RAMIREZ, was the Arvada City Attorney and an Employee of City of Arvada;

19.     At all times material hereto, Defendant, DAVID MICHAUD, was the Chairman of the Colorado Board of Parole and an Employee of the State of Colorado;

20.     At all times material hereto, Defendant, BECKY R.LUCERO, was the Chairman of the Colorado Board of Parole and an Employee of the State of Colorado;

21.     At all times material hereto, Defendant, MICHAEL E. ANDERSON, was the Vice-Chair of the Colorado Board of Parole and an Employee of the State of Colorado;

22.     At all times material hereto, Defendant, DEBORAH C. ALLEN, was a board member of the Colorado Board of Parole and an employee of the State of Colorado;

23.     At all times material hereto, Defendant, MICKEY HECKENBACH, was a board member of the Colorado Board of Parole and an employee of the State of Colorado;

24.     At all times material hereto, Defendant, REBECCA L. OAKES, was a board member of the Colorado Board of Parole and an employee of the State of Colorado

25.     At all times material hereto, Defendant, JOHN M. O'DELL, was a board member of the Colorado Board of Parole and an employee of the State of Colorado;

26.     At all times material hereto, Defendant, CELESTE M. QUINONES, was a board member of the Colorado Board of Parole and an employee of the State of Colorado.

27.     At all times material hereto, Defendant, COLORADO BOARD OF PAROLE  was an governmental agency for the State of Colorado and the employer of DAVID MICHAUD, BECKY R.LUCERO, MICHAEL E. ANDERSON, DEBORAH C. ALLEN, MICKEY HECKENBACH, REBECCA L. OAKES, JOHN M. O'DELL, CELESTE M. QUINONE;

28.    At all times material hereto, Defendant, DAVID M. ZUPAN, was the Warden of the Fort Lyon Correctional Facility and an employee of the State of Colorado

29.    At all times material hereto, Defendant, THE FORT LYON CORRECTIONAL FACILITY, was a correctional facility for the Colorado Department of Corrections;

30.    At all times material hereto, Defendant, COLORADO DEPARTMENT OF CORRECTIONS was an agency of the State of Colorado;

31.    At all times material hereto, Defendant, STATE OF COLORADO, was the employer of DAVID MICHAUD, BECKY R.LUCERO, MICHAEL E. ANDERSON, DEBORAH C. ALLEN, MICKEY HECKENBACH, REBECCA L. OAKES, JOHN M. O'DELL, CELESTE M. QUINONES, and DAVID M. ZUPAN

32.    At all times material hereto, Defendant, THE UNITED STATES DRUG ENFORCEMENT AGENCY was an agency of the United States.

33.     At all times material hereto, Defendant, THE UNITED STATES, was the employer of the agents/employees of THE UNITED STATES DRUG ENFORCEMENT AGENCY

34.     At all times material hereto, Defendant, JOHN DOES 1-20, whose names and identities are unknown, were governmental officers or employees; peace officers; and/or agents of the Arvada Police Department and/or the City of Arvada and /or the State of Colorado and the United States of America.

## JURISDICTION

35.     Plaintiff re-alleges all previous allegations and statements of this Complaint and hereby incorporates paragraphs 1 through 34 as if fully set forth herein.

36.     This action arises under the Constitution and the laws of the United States, including the Fourth Amendment; the Fourteenth Amendment; and 42 U.S.C § 1981, §1983, and §1988; through the Fourteenth Amendment and, therefore, this Court has jurisdiction pursuant to 28 U.S.C §1331.

37.   Venue is proper in the District of Colorado pursuant to 28 U.S.C §
      1391 (b). All parties reside within the District of Colorado, and the
      events described in this Complaint occurred in the District of
      Colorado.

38.   This is an action for damages in excess of the sum of $75,000.00
      exclusive of costs, interest and attorney's fees.

39.    This claim arises out of incidents which occurred beginning on or
      about January 3, 2007 in the City of Arvada, County of Jefferson,
      Colorado, when Defendant, WILLIAM JOHNSON, an Arvada Police
      Department detective, while engaged in an Arvada Police Department
      "Sting Operation," negligently, recklessly, and in a willful and wanton
      manner; while in the performance of his duties and acting in the scope
      of his employment and under color of law, shot Plaintiff DARRELL
      HAVENS, rendering him a quadriplegic.

40.    At all times relevant hereto, Defendant WILLIAM JOHNSON, and
      the other named Defendants were acting in their individual and/or
      official capacities.

## GENERAL ALLEGATIONS

41. Plaintiff re-alleges all previous allegations and statements of this Complaint and hereby incorporates paragraphs 1 through 40 as if fully set forth herein.

42. In the evening of January 3, 2007, the Arvada Police Department, Drug Enforcement Agency, State Troopers, and Denver Police officers, including the Denver Metro Auto Theft Team, Defendants here, attempted to capture Plaintiff Darrell Havens in a sting operation by luring him to a location where the DEFENDANT police officers intended to box him in thereafter subdue him by the use of a Taser.

43. When PLAINTIFF DARRELL HAVENS drove to the sting location in Denver, DEFENDANT Police officers rammed his car with several undercover police vehicles and, to prevent his escape, shot DARRELL HAVENS rendering him a quadriplegic.

44. Although at PLAINTIFF DARRELL HAVENS' sentencing hearing, the trial court did not make an inquiry into a factual basis for a plea, DARRELL HAVENS, faced with the threat of a forty-eight year to life sentence, pled guilty to theft and assault charges and was sentenced to 20 years. PLAINTIFF DARRELL HAVENS did not enter his plea knowingly, voluntarily and/or intelligently.

45. PLAINTIFF DARRELL HAVENS was unanimously granted a medial payroll by seven members of the Colorado Board of Parole effective February 8, 2011.  However, three days before he was to be paroled, his parole was unilaterally revoked by DEFENDANT DAVID MICHAUD based on pressure put on DEFENDANT DAVID MICHAUD by DEFENDANT ARVADA POLICE DEPARTMENT, DEFENDANT WILLIAM JOHNSON, the DEFENDANT CITY OF

ARVADA, and DEFENDANT ARVADA CITY ATTORNEY
ROBERTO RAMIREZ.

46. Subsequently, on or about June 29, 2010, DEFENDANT WILLIAM
JOHNSON, and ARVADA CITY ATTORNEY ROBERTO
RAMIREZ advised PLAINTIFF DARRELL HAVENS that if he
dropped his civil action against them, and agreed not to file any other
lawsuits relating to the January 3, 2007 shooting incident, then
DEFENDANT WILLIAM JOHNSON and DEFENDANT ARVADA
CHIEF OF POLICE DON WICK would forgo any petition to the
parole board to deny DARELL HAVENS his Parole.

47. PLAINTIFF DARRELL HAVENS would not agree to the terms
stated immediately above, and therefore PLAINTIFF DARRELL
HAVENS parole was not re-instated by the parole board, which
previously unanimously elected to release him effective February 8,
2011.

48. As a result, PLAINTIFF DARRELL HAVENS remains incarcerated
and will not be eligible for parole until 2018.

## FIRST CLAIM FOR RELIEF - 42 U.S.C. §1983

COUNT I - VIOLATION OF CIVIL RIGHTS UNDER COLOR OF LAW –
USE OF EXCESSIVE FORCE; TITLE 42 U.S.C. §1983, AND THE
UNITED STATES CONSTITUTION THROUGH THE FOURTEENTH
AMENDMENT

49. Plaintiff re-alleges and incorporates by reference each allegation in
Paragraphs 1 through 48 as if fully set forth herein.

42 U.S.C. §1983 provides as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to party injured in an action at law, suit in equity, or other proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purpose of this action, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

50. The acts and omissions taken by DEFENDANT WILLIAM JOHNSON, as described above, including his use of excessive force against DARRELL HAVENS, were conducted under color of law and constituted a violation of Plaintiff DARRELL HAVENS' civil rights in violation of Title 42 U.S.C.A §1983; the United States Constitution through the 14th Amendment; and the 14th Amendment. Plaintiff seeks such relief as he is entitled to under the law.

51. As a result of the aforesaid acts and omissions of DEFENDANT WILLIAM JOHNSON, PLAINTIFF DARRELL HAVENS sustained serious and permanent physical injuries, including quadriplegia.

52. As a further result of the above actions of DEFENDANT WILLIAM JOHNSON, PLAINTIFF DARRELL HAVENS remains in constant pain and suffers from severe physical and mental incapacity, due to

severe pain and a daily regimen of narcotic and psychoactive drugs which has impaired his ability to pursue this action and attend to his business affairs. PLAINTIFF DARRELL HAVENS has been unable from the date of the accident on January 7, 2007 through at least February 28, 2009 to exercise judgment, understand legal documents and matters, has documented mental status assessments from this physicians and other treatment professionals, suffered a substantial disorder of the cognitive and/or emotional processes.

53. Furthermore, his physical incapacitation, which has resulted in quadriplegia and being confined to a wheelchair with at two people to assist him in and out of his wheel chair, with the placement of a 24-hour a day catheter; and in constant and severe pain and mental suffering; and constantly, on a monthly basis fighting bladder and liver infections caused by his injuries; and has an inability to use his hands to effectively write, type, sign or even turn pages on documents, clearly has prevented him from his financial, business or personal affairs.

54. DARRELL HAVENS has further sustained past and future damages for pain and suffering; inconvenience; loss of enjoyment of life; emotional distress; medical and rehabilitation expenses; vocational rehabilitation

expenses;  lost wages; impairment of earning capacity; loss of time; loss of home services; permanent physical impairments and/or disability; as well as permanent disfigurement and scarring and remains so disabled.

## SECOND CLAIM FOR RELIEF

### COUNT II- FAILURE TO TRAIN AND/OR SUPERVISE EMPLOYEES; AND LACK OF POLICIES RESULTING IN CONSTITUTIONAL VIOLATIONS

55.    Plaintiff re-alleges and incorporates by reference each allegation in Paragraphs 1 through 54 as if fully set forth herein.

56.    A local government entity may be liable under §1983 when execution of governmental policy or custom results in infliction of an injury. *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.E.2d 611 (1978).

57.    A municipality may also be liable under §1983 where its failure to train, supervise, or discipline police officers is reckless or grossly negligent since this will be taken to mean that an official policy or custom exists which results in constitutional violations, or that there is implicit authorization or approval of, or acquiescence in, unconstitutional conduct. *Skevofilax v. Quigley*, 586 F.Supp. 532 (D. N.J. 1984).

58.    Here, DEFENDANT ARVADA POLICE DEPARTMENT and DEFENDANT THE CITY OF ARVADA had policies against the use of

excessive force against individuals.

59.     Further,   DEFENDANT   ARVADA   POLICE   DEPARTMENT   and
DEFENDANT CITY OF ARVADA were reckless and grossly negligent in
that they failed to train and supervise their police officers, including
DEFENDANT WILLIAM JOHNSON and the other Defendant police
officers identified above regarding when deadly force could be used.

60.     As demonstrated by the above-described reckless and grossly negligent
conduct and omissions by DEFENDANT WILLIAM JOHNSON and the
other Defendant police officers identified above, there are apparent
problems   in   the   policies   of   DEFENDANT   ARVADA   POLICE
DEPARTMENT and DEFENDANT CITY OF ARVADA in the training
and supervision of its police officers regarding when deadly force can and
should be used to protect a police officer.

61.     DEFENDANT ARVADA POLICE DEPARTMENT and DEFENDANT
CITY OF ARVADA have been reckless and grossly negligent in its training
and supervision, and lack appropriate policies to guard against the injuries
suffered by DARRELL HAVENS, as these clear violations of the
Plaintiff's civil rights would likely have not occurred if DEFENDANT
WILLIAM JOHNSON and the other Defendant police officers identified
above were properly trained.

62.    As a result of the failure of DEFENDANT ARVADA POLICE

DEPARTMENT and DEFENDANT CITY OF ARVADA to properly train

or to provide proper supervision regarding the use of deadly force, and its

lack of appropriate policies to guard against the injuries suffered by

DARRELL HAVENS, including, but not limited to, violation of his civil

rights; past and future non-economic losses including pain and suffering,

emotional distress, loss of enjoyment of life and inconvenience; past and

future economic losses including medical rehabilitation bills, expenses and

doctor's bills, hospital bills, bills for medication, lost wages, impairment of

earning capacity, loss of home services, and loss of time attending medical

appointments.  DARRELL HAVENS has also suffered past and future

physical impairment and disfigurement losses and will remain so disabled.

## THIRD CLAIM FOR RELIEF- 42 U.S.C. §1981

### COUNT III – VIOLATION OF EQUAL RIGHTS UNDER THE LAW – TITLE 42 U.S.C.  §1981 AND THE UNITED STATES CONSTITUTION THROUGH THE FOURTEENTH AMENDMENT

63.    Plaintiff re-alleges and incorporates by reference each allegation in

Paragraphs 1 through 62 as if fully set forth herein.

64.     Section 42 U.S.C.A §1981 provides:

(a) Statement of equal rights

All persons within the jurisdiction of the United States
shall have the same right in every State and Territory to

make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other;

(b) "make and enforce contracts" defined
For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship;

(c) Protection against impairment
The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

65.    The aforesaid described actions and omissions taken by DEFENDANT ARVADA POLICE DEPATMENT, DEFENDANT CITY OF ARVADA, DEFENDANT WILLIAM JOHNSON and the other DEFENDANT POLICE OFFICERS identified above discriminated against PLAINTIFF DARRELL HAVENS and had no rational basis and violated the equal protection clause of the U. S. Constitution and due process as applied to the States through the fourteenth amendment, and violated the equal protection clause of the Fourteenth Amendment.

66.    As a result of the failure of DEFENDANT ARVADA POLICE DEPATMENT, DEFENDANT  CITY OF ARVADA, DEFENDANT

WILLIAM JOHNSON and the other Defendant police officers identified above to provide equal protection of the laws to Plaintiff DARRELL HAVENS, DARRELL HAVENS, sustained damages including, but not limited to violation of his constitutional rights; past and future non-economic losses including pain and suffering, emotional distress, loss of enjoyment of life and inconvenience; and past and future economic losses including medical rehabilitation bills, expenses and doctor's bills, hospital bills, bills for medication, lost wages, impairment of earning capacity, loss of home services, and loss of time attending medical appointments.   DARRELL HAVENS has also suffered past and future physical impairment and disfigurement losses and remains so disabled.

### FOURTH CLAIM FOR RELIEF- 42 USC §1988

### COUNT IV– ATTORNEYS FEES AND COSTS

67.    Plaintiff re-alleges and incorporates by reference each allegation in Paragraphs 1 through 66 as if fully set forth herein.

68.    Title 42 U.S.C. §1988, Proceedings in vindication of civil rights, provides:

(a) Applicability of statutory and common law

   The jurisdiction in civil and criminal matters conferred on
   the district courts by the provisions of titles 13, 24, and 70

of the Revised Statutes for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against the law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil and criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

(b)  Attorney's fees

In any action or proceeding to enforce a provision of sections 1981, 1981(a), 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C.A. § 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.] or section 13981 of this title, the curt, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that any such action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

(c)  In awarding an attorney's fee under subsection (b) of this section in any action or proceeding to enforce a provision of section 1981 or 1981a of this title, the court, in its discretion, may include expert fees as part of the attorney's fee.

69.    Because DARRELL HAVENS' civil action herein seeks enforcement

of sections 42 U.S.C. 1981 and 1983, Plaintiff DARRELL HAVENS

hereby seeks payment of his reasonable costs and fees associated with

this civil action.

### FIFTH CLAIM FOR RELIEF – NEGLIGENCE

COUNT V- NEGLIGENCE AGAINST DEFENDANTS JOHNSON AND
THE OTHER POLICE OFFICERS IDENTIFIED ABOVE IN THEIR
CAPACITY AS PAID PEACE OFFICERS AND  EMPLOYEES AND/OR
AGENTS OF DEFENDANT ARVADA POLICE DEPARTMENT AND
DEFENDANT CITY OF ARVADA

70.     Plaintiff re-alleges and incorporates by reference each allegation in

Paragraphs 1 through 69 as if fully set forth herein.

71.    The acts and omissions of DEFENDANT WILLIAM JOHNSON in

shooting Plaintiff DARRELL HAVENS was negligent and it was

reasonably foreseeable that injuries to Plaintiff DARRELL HAVENS

thereby result.

72.    To establish a *prima facie* case for negligence, there must be 1) the

existence of a legal duty owed by the defendant to the plaintiff; 2) a

breach of that duty; 3) proximate cause and causation, and 4) resulting

injury. *Oliver v. Amity Mut. Irrigation Co.* 994 P.2d 495 at 497, Citing

*Gerrity Oil & Gas Corp v. Magness*, 946 P2d 913 (Colo. 1971).

73.    DEFENDANT WILLIAM JOHNSON and the other defendant police

officers identified above owed a duty to DARRELL HAVENS to

safeguard and protect him from unreasonable injury and excessive

force, including deadly force.

74.    DEFENDANT WILLIAM JOHNSON and the other Defendant police

officers identified above breached their duty by using excessive force

in their attempt to apprehend DARRELL HAVENS during their sting

operation.

75.    The Colorado Supreme Court in <u>Leake v. Cain</u>, 720 P.2d 152 (Colo.

1986) as follows:

> "Where a person should reasonably foresee that his
> act, or failure to act, will involve an unreasonable risk
> of harm to another, there is a duty to avoid such
> harm….However, there is no duty to prevent a  third
> person from harming another, absent a special relation
> between the actor and the wrongdoer or between the
> actor and the victim. Restatement (Second) of Torts
> §315 (1965)."

76.    It was reasonably foreseeable that the acts taken by DEFENDANT

WILLIAM JOHNSON and the other DEFENDANT POLICE

OFFICERS identified above would result in injury to DARRELL

HAVENS. Where a person should reasonably see that his act, or failure to act, will involve an unreasonable risk of harm to another, there is a duty to avoid such harm." Leake v. Cain, 720 P.2d 152 (Colo. 1986).

77.    As a result of the acts of DEFENDANT WILLIAM JOHNSON and the other defendant police officers identified above, DARRELL HAVENS sustained serious and permanent injuries.

78.    The acts and omissions of DEFENDANT WILLIAM JOHNSON and the other Defendant police officers identified above, constitute negligence and resulted in Plaintiff DARRELL HAVENS injuries, damages and losses.

79.    Under C.R.S. 29-5-111, DEFENDANT ARVADA POLICE DEPARTMENT AND DEFENDANT CITY OF ARVADA "shall indemnify its paid peace officers… for any liability incurred by them and for any judgment, except a judgment for exemplary damages, entered against them for torts committed within the scope of their employment."

80.    Finally, the negligent acts and omissions, as described above, of DEFENDANT WILLIAM JOHNSON and the other defendant police officers identified above which caused injuries, damages and losses to

Plaintiff, occurred during the course of their employment and duties as peace offices and thus DEFENDANT ARVADA POLICE DEPARTMENT AND DEFENDANT CITY OF ARVADA shall be liable for such acts and omissions of the negligence of their employees and/or police officers.

81.   As a result of the said negligence of DEFENDANT WILLIAM JOHNSON and the other DEFENDANT POLICE OFFICERS identified above, PLAINTIFF DARRELL HAVENS suffered physical, orthopedic, and neurological injuries and damages, as aforesaid, including, but not limited to violation of his constitutional rights; past and future non-economic losses including pain and suffering, emotional distress, loss of enjoyment of life and inconvenience; and past and future economic losses including medical rehabilitation bills, expenses and doctor's bills, hospital bills, bills for medication, lost wages, impairment of earning capacity, loss of home services, and loss of time attending medical appointments.   DARRELL HAVENS has also suffered past and future physical impairment and disfigurement losses and will remain so disabled.

**SIXTH CLAIM FOR RELIEF- WILFUL AND WANTON CONDUCT**

COUNT VI-- DEFENDANT ARVADA POLICE DEPARTMENT AND DEFENDANT CITY OF ARVADA FOR THE NEGLIGENT AND

WILFUL AND WANTON ACTS AND OMISSIONS OF DEFENDANT
WILLIAM JOHNSON AND THE OTHER DEFENDANT POLICE
OFFICERS IDENTIFIED ABOVE IN THEIR CAPACITY AS PAID
PEACE OFFICERS EMPLOYEES AND/OR AGENTS OF DEFENDANT
ARVADA POLICE DEPARTMENT AND DEFENDANT CITY OF
ARVADA

82.    Plaintiff re-alleges and incorporates by reference each allegation in

Paragraphs 1 through 81 as if fully set forth herein.

83.    Under Colorado's doctrine of *respondeat superior*, an employer,

including a public employer, is liable for the negligent and/or willful

and wanton acts and omissions of its employees, as alleged above,

which occur within the scope of their duties and within the scope of

their employment.

84.     When, in the performance of their duties and within the course of

their employment,  DEFENDANT WILLIAM JOHNSON and the

other DEFENDANT POLICE OFFICERS identified above injured

DARRELL HAVENS, which resulted in the aforesaid injuries,

damages and losses to Plaintiff DARRELL HAVENS,

DEFENDANT ARVADA POLICE DEPARTMENT and

DEFENDANT CITY OF ARVADA became liable under Colorado's

doctrine of *respondeat superior* for the negligent and willful and

wanton actions and omissions of DEFENDANT WILLIAM

JOHNSON and the other DEFENDANT POLICE OFFICERS identified above in their capacity as paid peace officers; and as employees and/or agents of the ARVADA SPRINGS POLICE DEPARTMENT and the CITY OF ARVADA.

## SEVENTH CLAIM FOR RELIEF

### COUNT VII- CIVIL CONSPIRACY

85.   Plaintiff DARRELL HAVENS re-alleges and incorporates by reference each allegation in Paragraphs 1 through 84 above as if fully set forth herein.

86.   DEFENDANT'S   ARVADA   POLICE   DEPARTMENT, DEFENDANT CITY OF ARVADA, DEFENDANT WILLIAM JOHNSON, the other DEFENDANT POLICE OFFICERS identified above, and the other DEFENDANT'S NAMED ABOVE entered into a conspiracy or otherwise conspired to commit wrongful acts and obstruct justice, to conceal evidence and cover up their wrongful acts and violations of PLAINTIFF DARRELL HAVENS' civil rights as described above.

87.   As a direct and proximate result of the Defendants' conspiracy, and Defendants' substantial steps taken in furtherance of their said civil conspiracy, PLAINTIFF DARRELL HAVENS was deprived of his due process rights, including his right to life, liberty, and the pursuit of happiness.

## EIGHTH CLAIM FOR RELIEF

### COUNT VIII-- UNLAWFUL IMPRISONMENT

88.    PLAINTIFF DARRELL HAVENS re-alleges and incorporates by reference each allegation in Paragraphs 1 through 88 as if fully set forth herein.

89.    The acts of all DEFENDANTS identified above resulted in PLAINTIFF DARRELL HAVENS being falsely and unlawfully imprisoned and denied his rights to life, liberty, and the pursuit of happiness.


    WHEREFORE, PLAINTIFF DARRELL HAVENS prays for judgment against the said defendants for violations of his civil rights and for his debilitating physical, orthopedic, and neurological injuries and damages, as aforesaid,  including, past and future non-economic losses including pain and suffering, emotional distress, loss of enjoyment of life and inconvenience; past and future economic losses including medical rehabilitation bills, expenses and doctor's bills, hospital bills, bills for medication, lost wages, impairment of earning capacity, loss of home services, vocational rehabilitation expenses; loss of time attending medical appointments;  and past and future physical impairment or disability and permanent disfigurement losses, including the amputation of his leg; for attorney fees and costs, for

statutory pre-judgment interest and post-judgment interest as allowed by law; and any other relief that this honorable court deems just or proper in the premises.

**PLANTIFF HEREBY REQUESTS A TRIAL BY JURY**.


Date: February 18, 2011                    _____/S/_____

William Muhr, Esq. #018093
7035 Campus Drive
Colorado Springs, Co 80920
719-598-9877