IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Case No. 11-cv-00490-REB-BNB

DARRELL HAVENS,

Plaintiff,
v.

DETECTIVE WILLIAM JOHNSON, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Arvada Police Department and the City of Arvada;
DETECTIVE MARKS MANTYCH, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Arvada Police Department and the City of Arvada;
DETECTIVE BICKMORE, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Arvada Police Department and the City of Arvada;
DETECTIVE R.J. VANDER VEEN, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Arvada Police Department and the City of Arvada;
DETECTIVE ROEMER, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Arvada Police Department and the City of Arvada;
DETECTIVE IAN KILDOW, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Arvada Police Department and the City of Arvada;
DETECTIVE MILES HEIVILIN, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Arvada Police Department and the City of Arvada;
DETECTIVE MARK GRUEBER, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Arvada Police Department and the City of Arvada;
SGT. LINK STRATE, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Arvada Police Department and the City of Arvada;
SGT. ERIC STRASHEIM, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Arvada Police Department and the City of Arvada;
ARVADA POLICE CHIEF DON WICK, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Arvada Police Department and the City of Arvada;
ARVADA POLICE DEPARTMENT, in its capacity as an agent and/or independent contractor of the City of Arvada;
THE CITY OF ARVADA, as the employer of Detective William Johnson, Detective Mark Mantych, Detective C.J. Bickmore, Detective R.J. Vander Veen, Detective Roemer, Detective Ian Kildow, Detective Miles Heivilin, Detective Mark Grueber, Sgt. Link Strate, Sgt. Eric Strasheim, Arvada Police Chief Don Wick and the Arvada Police Department;
THE DEFENDANT LAW ENFORCEMENT OFFICERS WHOSE NAMES ARE UNKNOWN BUT WHO ARE IDENTIFIED IN THE ATTACHED POLICE PHOTOGRAPHS AT EXHIBITS "A" through "D" INCLUDING PHOTOS AT DSC-6233, DSC-6234, DSC-6252, DSC-6264, DSC-6280, DSC-6303, DSC-6314, DSC-6326, DSC-6338, DSC-6360, DSC-6371, DSC-6442, DSC-6474;
DETECTIVE ROBERT WILSON, individually and in his capacity as a paid peace officer and as

an employee and/or agent of the Denver Police Department and the City and County of Denver;
THE DENVER POLICE DEPARTMENT, in its capacity as an agent and/or independent contractor of the City and County of Denver;
THE CITY AND COUNTY OF DENVER, in its capacity as a governmental entity and as the employer of Detective Robert Wilson;
INVESTIGATOR BILLY MAYFIELD, of the Colorado State Patrol, individually and in his capacity as a paid peace officer and as employee and/or agent of the State of Colorado;
INVESTIGATOR ZACH MURRAY, of the Colorado State Patrol, individually and in his capacity as a paid peace officer and as employee and/or agent of the State of Colorado;
INVESTIGATOR SCOTT BEAUVAIS, of the Colorado State Patrol, individually and in his capacity as a paid peace officer and as employee and/or agent of the State of Colorado;
INVESTIGATOR KELLY PICKERING, of the Colorado State Patrol, individually and in his capacity as a paid peace officer and as employee and/or agent of the State of Colorado, and as an agent of the Drug Enforcement Agency;
COLORADO STATE PARKS, in its capacity as a law enforcement agency of the State of Colorado;
INVESTIGATOR WILLIAM BRIAN SANDY, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Colorado State Parks and the State of Colorado;
COLORADO STATE PARKS in its capacity as an agent of the State of Colorado;
STATE OF COLORADO, in its capacity as a governmental entity; as the employer of Investigator Billy Mayfield, Investigator Zach Murray, Investigator Scott Beauvais, Investigator Kelly Pickering, and Investigator William Brian Sandy, and in its capacity as an insured under mandatory liability insurance issued pursuant to Colorado law;
DETECTIVE TODD PACHELLO, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Lone Tree Police Department and the City of Lone Tree;
DETECTIVE TIM BEALS, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Lone Tree Police Department and the City of Lone Tree;
LONE TREE POLICE DEPARTMENT, in its capacity as an agent and/or independent contractor of the City of Lone Tree;
CITY OF LONE TREE, in its capacity as a governmental entity and as employer of Detective Todd Pachello and Detective Tim Beals;
DETECTIVE RICARDO HERNANDEZ, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Mountain View Police Department and the City of Mountain View;
MOUNTAIN VIEW POLICE DEPARTMENT, in its capacity as an agent and/or independent contractor of the City of Mountain View;
CITY OF MOUNTAIN VIEW, in its capacity as a governmental entity and employer of Detective Ricardo Hernandez;
SPECIAL AGENT MARK LEE, individually and in his capacity as a paid Special Agent and as an employee and/or agent of the United States Drug Enforcement Agency, the Arvada Police Department, and the City of Arvada;
ROBERTO RAMIREZ, in his individual capacity and in his official capacity as the Arvada City Attorney and employee and or agent of the City of Arvada;
DAVID MICHAUD, individually and in his official capacity as Chairman of the Colorado Board

of Parole and as an employee of the State of Colorado;
BECKY R. LUCERO, individually and in her official capacity as Chairman of the Colorado
Board of Parole and as an employee of the State of Colorado;
MICHAEL E. ANDERSON, individually and in his official capacity as Vice-Chair of the
Colorado Board of Parole and as an employee of the State of Colorado;
DEBORAH C. ALLEN, individually and in her capacity as board member of the Colorado
Board of Parole and as an employee of the State of Colorado;
MICKEY HECKENBACH, individually and in her capacity as board member of the Colorado
Board of Parole and as an employee of the State of Colorado;
REBECCA L. OAKES, individually and in her capacity as board member of the Colorado
Board of Parole and as an employee of the State of Colorado;
JOHN M. O'DELL, individually and in his capacity as board member of the Colorado Board of
Parole and as an employee of the State of Colorado;
CELESTE M. QUINONES, individually and in her capacity as board member of the Colorado
Board of Parole and as an employee of the State of Colorado;
Colorado Board of Parole;
COLORADO BOARD OF PAROLE, as an agent of the State of Colorado;
STATE OF COLORADO;
THE UNITED STATES DRUG ENFORCEMENT AGENCY;
THE UNITED STATES OF AMERICA; and
JOHN DOES 1-20, whose names and identities are unknown, individually and in their capacity
as governmental officers or employees; peace officers; and/or agents of the Arvada Police
Department and/or the City of Arvada and/or the State of Colorado and/or the United States of
America,

Defendants.

---

# ORDER

---

This matter arises on the following:

(1) **Motion for Order Allowing Plaintiff to Obtain Discovery Helpful In Responding to Defendants' Motions to Dismiss** [Doc. # 180, filed 7/15/2011] (the "Motion for Discovery"); and

(2) **Motion for Expedited Order That Plaintiff to Be Transported . . . Attend the August 3, 2011 Hearing** [Doc. # 188, filed 7/28/2011] (the "Motion to Attend").

I.

The plaintiff has sued numerous law enforcement officers, law enforcement agencies, governmental entities, and others for damages resulting from injuries sustained "in a sting operation" designed to facilitate the plaintiff's arrest. Second Amended Complaint [Doc. # 149, filed 6/28/2011] at ¶68. According to the allegations of the Second Amended Complaint:

> 68. In the evening of January 3, 2007, the Arvada Police Department; Colorado State Troopers; Denver Police officers, including the Denver Metro Auto Theft Team; Lone Tree police officers; and a Mountain View police officer; and/or other agencies; and the named Defendants herein, attempted to capture a person in a sting operation by luring him to a location where said DEFENDANT police officers were waiting for him heavily armed.
>
> 69. When Plaintiff DARRELL HAVENS drove to the sting location in Denver, the car he was driving was immediately rammed by several undercover police vehicles while the vehicle that Plaintiff DARRELL HAVENS was driving was still moving and while it was still in gear and without legal justification, wrongfully and willfully shot DARRELL HAVENS rendering him a quadriplegic.
>
> 70. Upon information and belief, On [sic] January 3, 2007, Darrell Havens was rammed, without warning, by a white K2500 Chevy pickup truck, purportedly occupied by Defendant SANDY and Defendant JOHNSON, and a black Yukon, purportedly occupied by Defendant HERNANDEZ and DEA agent Mark Lee who engaged in intentional acts and omissions as factually alleged herein, including using a government vehicle to ram the vehicle driven by Darrell Havens, without justification, thereby resulting in unlawful, unreasonable shooting of Darrell Havens.
>
> 71. Finally, Officer HERNANDEZ'S and Agent Mark Lee's actions in ramming the Audi driven by DARRELL HAVENS pushed the Audi into a blue Blazer purportedly occupied by Defendant MAYFIELD and Defendant BICKMORE. The vehicle driven by DARRELL HAVENS was then immediately hit by multiple gunshots and at least three passed through the vehicle and struck DARRELL HAVENS in the chest, neck, and mouth, purportedly fired by Defendant Johnson, which instantly paralyzed

> DARRELL HAVENS and rendered him a quadriplegic at the
> scene of the shooting.

Id.

By an Order [Doc. # 147] entered on June 24, 2011, I stayed discovery pending a determination of the issue of qualified immunity, Eleventh Amendment immunity, and sovereign immunity.  Order [Doc. # 147] at ¶4.  In opposing the stay of discovery, the plaintiff argued that he may need discovery to respond to the defendants' motions to dismiss.  In response to that assertion, I noted that "on an adequate showing after the motions are filed that discovery is needed and the particularity of what discovery is needed and why, I will consider allowing so much discovery as is necessary to respond to any dispositive motion."  Recording of Proceedings, June 24, 2011, at 2:28:35 through 2:29:38 p.m.  Here, however, the plaintiff has made no showing whatsoever that discovery is needed and has failed to describe the particular discovery which he claims to require and why he needs it to respond to the defendants' motions to dismiss.  Instead, the plaintiff states, in conclusory terms only, that "Plaintiff's counsel believes that discovery will be helpful in responding to Defendants' motions to dismiss. . . ."  Motion for Discovery [Doc. # 180] at p. 2.  Based on this inadequate showing, the Motion for Discovery is denied.  The hearing on the Motion for Discovery is vacated.

II.

Plaintiff's counsel also filed a Motion to Attend [Doc. # 188] asking that the plaintiff, a convicted felon incarcerated in the Colorado Department of Corrections at the Fort Lyon Correctional Facility, be transported from his place of incarceration and "housed at [the Denver Reception and Diagnostic Center] for the week of August 1, 2011 so that Plaintiff can attend the August 3, 2011 hearing and so that Plaintiff can inspect and assist his counsel in the inspection

and investigation of the Arvada Incident scene. . . ." Motion to Attend [Doc. # 188] at pp. 2-3. The plaintiff also requests "that wheelchair accessible transportation to and from the August 3, 2011 hearing and to and from the incident [sic] Arvada incident scene also be provided." Id. at p. 3.

This is an extraordinary request, but no authority of any kind is offered in support. The plaintiff does not address in any way the issue of security. The plaintiff is not proceeding *in forma pauperis*, and the basis for shifting the cost of the plaintiff's transportation is not stated.

I have denied the Motion for Discovery and vacated the hearing on that motion. Consequently, there is no need for the plaintiff to be transported to Denver for that matter. Nor has the plaintiff established grounds for the remaining relief sought.

III.

IT IS ORDERED:

(1)     The Motion for Discovery [Doc. # 180] is DENIED;

(2)     The hearing on the Motion for Discovery, set for August 3, 2011, at 8:30 a.m., is VACATED; and

(3)     The Motion to Attend [Doc. # 188] is DENIED.

Dated July 29, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge