IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Case No. 11-cv-00490-REB-BNB

DARRELL HAVENS,

Plaintiff,
v.

DETECTIVE WILLIAM JOHNSON, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Arvada Police Department and the City of Arvada;
DETECTIVE MARKS MANTYCH, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Arvada Police Department and the City of Arvada;
DETECTIVE BICKMORE, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Arvada Police Department and the City of Arvada;
DETECTIVE R.J. VANDER VEEN, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Arvada Police Department and the City of Arvada;
DETECTIVE ROEMER, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Arvada Police Department and the City of Arvada;
DETECTIVE IAN KILDOW, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Arvada Police Department and the City of Arvada;
DETECTIVE MILES HEIVILIN, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Arvada Police Department and the City of Arvada;
DETECTIVE MARK GRUEBER, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Arvada Police Department and the City of Arvada;
SGT. LINK STRATE, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Arvada Police Department and the City of Arvada;
SGT. ERIC STRASHEIM, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Arvada Police Department and the City of Arvada;
ARVADA POLICE CHIEF DON WICK, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Arvada Police Department and the City of Arvada;
ARVADA POLICE DEPARTMENT, in its capacity as an agent and/or independent contractor of the City of Arvada;
THE CITY OF ARVADA, as the employer of Detective William Johnson, Detective Mark Mantych, Detective C.J. Bickmore, Detective R.J. Vander Veen, Detective Roemer, Detective Ian Kildow, Detective Miles Heivilin, Detective Mark Grueber, Sgt. Link Strate, Sgt. Eric Strasheim, Arvada Police Chief Don Wick and the Arvada Police Department;
THE DEFENDANT LAW ENFORCEMENT OFFICERS WHOSE NAMES ARE UNKNOWN BUT WHO ARE IDENTIFIED IN THE ATTACHED POLICE PHOTOGRAPHS AT EXHIBITS "A" through "D" INCLUDING PHOTOS AT DSC-6233, DSC-6234, DSC-6252, DSC-6264, DSC-6280, DSC-6303, DSC-6314, DSC-6326, DSC-6338, DSC-6360, DSC-6371, DSC-6442, DSC-6474;
DETECTIVE ROBERT WILSON, individually and in his capacity as a paid peace officer and as

an employee and/or agent of the Denver Police Department and the City and County of Denver;
THE DENVER POLICE DEPARTMENT, in its capacity as an agent and/or independent contractor of the City and County of Denver;
THE CITY AND COUNTY OF DENVER, in its capacity as a governmental entity and as the employer of Detective Robert Wilson;
INVESTIGATOR BILLY MAYFIELD, of the Colorado State Patrol, individually and in his capacity as a paid peace officer and as employee and/or agent of the State of Colorado;
INVESTIGATOR ZACH MURRAY, of the Colorado State Patrol, individually and in his capacity as a paid peace officer and as employee and/or agent of the State of Colorado;
INVESTIGATOR SCOTT BEAUVAIS, of the Colorado State Patrol, individually and in his capacity as a paid peace officer and as employee and/or agent of the State of Colorado;
INVESTIGATOR KELLY PICKERING, of the Colorado State Patrol, individually and in his capacity as a paid peace officer and as employee and/or agent of the State of Colorado, and as an agent of the Drug Enforcement Agency;
COLORADO STATE PARKS, in its capacity as a law enforcement agency of the State of Colorado;
INVESTIGATOR WILLIAM BRIAN SANDY, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Colorado State Parks and the State of Colorado;
COLORADO STATE PARKS in its capacity as an agent of the State of Colorado;
STATE OF COLORADO, in its capacity as a governmental entity; as the employer of Investigator Billy Mayfield, Investigator Zach Murray, Investigator Scott Beauvais, Investigator Kelly Pickering, and Investigator William Brian Sandy, and in its capacity as an insured under mandatory liability insurance issued pursuant to Colorado law;
DETECTIVE TODD PACHELLO, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Lone Tree Police Department and the City of Lone Tree;
DETECTIVE TIM BEALS, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Lone Tree Police Department and the City of Lone Tree;
LONE TREE POLICE DEPARTMENT, in its capacity as an agent and/or independent contractor of the City of Lone Tree;
CITY OF LONE TREE, in its capacity as a governmental entity and as employer of Detective Todd Pachello and Detective Tim Beals;
DETECTIVE RICARDO HERNANDEZ, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Mountain View Police Department and the City of Mountain View;
MOUNTAIN VIEW POLICE DEPARTMENT, in its capacity as an agent and/or independent contractor of the City of Mountain View;
CITY OF MOUNTAIN VIEW, in its capacity as a governmental entity and employer of Detective Ricardo Hernandez;
SPECIAL AGENT MARK LEE, individually and in his capacity as a paid Special Agent and as an employee and/or agent of the United States Drug Enforcement Agency, the Arvada Police Department, and the City of Arvada;
ROBERTO RAMIREZ, in his individual capacity and in his official capacity as the Arvada City Attorney and employee and or agent of the City of Arvada;
DAVID MICHAUD, individually and in his official capacity as Chairman of the Colorado Board

of Parole and as an employee of the State of Colorado;
BECKY R. LUCERO, individually and in her official capacity as Chairman of the Colorado
Board of Parole and as an employee of the State of Colorado;
MICHAEL E. ANDERSON, individually and in his official capacity as Vice-Chair of the
Colorado Board of Parole and as an employee of the State of Colorado;
DEBORAH C. ALLEN, individually and in her capacity as board member of the Colorado
Board of Parole and as an employee of the State of Colorado;
MICKEY HECKENBACH, individually and in her capacity as board member of the Colorado
Board of Parole and as an employee of the State of Colorado;
REBECCA L. OAKES, individually and in her capacity as board member of the Colorado
Board of Parole and as an employee of the State of Colorado;
JOHN M. O'DELL, individually and in his capacity as board member of the Colorado Board of
Parole and as an employee of the State of Colorado;
CELESTE M. QUINONES, individually and in her capacity as board member of the Colorado
Board of Parole and as an employee of the State of Colorado;
Colorado Board of Parole;
COLORADO BOARD OF PAROLE, as an agent of the State of Colorado;
STATE OF COLORADO;
THE UNITED STATES DRUG ENFORCEMENT AGENCY;
THE UNITED STATES OF AMERICA; and
JOHN DOES 1-20, whose names and identities are unknown, individually and in their capacity
as governmental officers or employees; peace officers; and/or agents of the Arvada Police
Department and/or the City of Arvada and/or the State of Colorado and/or the United States of
America,

Defendants.

---

**ORDER**

---

This matter arises on **Plaintiff's Motion for Order That All Evidence Be Preserved**

[Doc. # 204, filed 8/12/2011] (the "Motion"), which is DENIED.

The plaintiff requests an order

> that all evidence of whatever nature relating to the January 3, 2007
> shooting of Plaintiff Darrell Havens, including but not limited to:
> 1) the evidence obtained from the January 3, 2007 shooting
> incident scene; 2) the evidence obtained from the subsequent
> investigation of the shooting incident; 3) the evidence used in the
> criminal prosecution of Plaintiff Darrell Havens, and 4) the
> evidence relating to the revocation of Plaintiff's medical parole by

> the Colorado Parole Board, which was originally, and is presently, in the custody and under the control of Defendants named herein and/or other law enforcement/governmental agencies, be preserved through the duration of this civil action and through appeal, or for three years from the date the Order [sic], whichever period is longer.

Motion [Doc. #204] at p. 3.

The law imposes on putative and actual litigants a duty to preserve evidence that is relevant to imminent or ongoing litigation. Cache La Poudre Feed, LLC v. Land O' Lakes, Inc., 244 F.R.D. 614, 620 (D. Colo. 2007). To the extent the plaintiff seeks an order consistent with this requirement, it is unnecessary. Absent some basis to do so, which the Motion does not provide, I will not impose a duty to preserve beyond that which the law already requires.

Dated August 16, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge