IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Case No. 11-cv-00490-REB-BNB

DARRELL HAVENS,

Plaintiff,

v.

DETECTIVE WILLIAM JOHNSON, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Arvada Police Department and the City of Arvada; DETECTIVE MARKS MANTYCH, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Arvada Police Department and the City of Arvada; DETECTIVE BICKMORE, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Arvada Police Department and the City of Arvada; DETECTIVE R.J. VANDER VEEN, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Arvada Police Department and the City of Arvada; DETECTIVE ROEMER, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Arvada Police Department and the City of Arvada; DETECTIVE IAN KILDOW, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Arvada Police Department and the City of Arvada; DETECTIVE MILES HEIVILIN, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Arvada Police Department and the City of Arvada; DETECTIVE MARK GRUEBER, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Arvada Police Department and the City of Arvada; SGT. LINK STRATE, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Arvada Police Department and the City of Arvada; SGT. ERIC STRASHEIM, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Arvada Police Department and the City of Arvada; ARVADA POLICE CHIEF DON WICK, individually and in his capacity as a paid peace officer and as an employee and/or agent of the Arvada Police Department and the City of Arvada; ARVADA POLICE DEPARTMENT, in its capacity as an agent and/or independent contractor of the City of Arvada; THE CITY OF ARVADA, as the employer of Detective William Johnson, Detective Mark Mantych, Detective C.J. Bickmore, Detective R.J. Vander Veen, Detective Roemer, Detective Ian Kildow, Detective Miles Heivilin, Detective Mark Grueber, Sgt. Link Strate, Sgt. Eric Strasheim, Arvada Police Chief Don Wick and the Arvada Police Department; THE DEFENDANT LAW ENFORCEMENT OFFICERS WHOSE NAMES ARE UNKNOWN BUT WHO ARE IDENTIFIED IN THE ATTACHED POLICE PHOTOGRAPHS AT EXHIBITS "A" through "D" INCLUDING PHOTOS AT DSC-6233, DSC-6234, DSC-6252, DSC-6264, DSC-6280, DSC-6303, DSC-6314, DSC-6326, DSC-6338, DSC-6360, DSC-6371, DSC-6442, DSC-6474; DETECTIVE ROBERT WILSON, individually and in his capacity as a paid peace officer and as

an employee and/or agent of the Denver Police Department and the City and County of Denver;
THE DENVER POLICE DEPARTMENT, in its capacity as an agent and/or independent
contractor of the City and County of Denver;
THE CITY AND COUNTY OF DENVER, in its capacity as a governmental entity and as the
employer of Detective Robert Wilson;
INVESTIGATOR BILLY MAYFIELD, of the Colorado State Patrol, individually and in his
capacity as a paid peace officer and as employee and/or agent of the State of Colorado;
INVESTIGATOR ZACH MURRAY, of the Colorado State Patrol, individually and in his
capacity as a paid peace officer and as employee and/or agent of the State of Colorado;
INVESTIGATOR SCOTT BEAUVAIS, of the Colorado State Patrol, individually and in his
capacity as a paid peace officer and as employee and/or agent of the State of Colorado;
INVESTIGATOR KELLY PICKERING, of the Colorado State Patrol, individually and in his
capacity as a paid peace officer and as employee and/or agent of the State of Colorado, and as an
agent of the Drug Enforcement Agency;
COLORADO STATE PARKS, in its capacity as a law enforcement agency of the State of
Colorado;
INVESTIGATOR WILLIAM BRIAN SANDY, individually and in his capacity as a paid peace
officer and as an employee and/or agent of the Colorado State Parks and the State of Colorado;
COLORADO STATE PARKS in its capacity as an agent of the State of Colorado;
STATE OF COLORADO, in its capacity as a governmental entity; as the employer of
Investigator Billy Mayfield, Investigator Zach Murray, Investigator Scott Beauvais, Investigator
Kelly Pickering, and Investigator William Brian Sandy, and in its capacity as an insured under
mandatory liability insurance issued pursuant to Colorado law;
DETECTIVE TODD PACHELLO, individually and in his capacity as a paid peace officer and
as an employee and/or agent of the Lone Tree Police Department and the City of Lone Tree;
DETECTIVE TIM BEALS, individually and in his capacity as a paid peace officer and as an
employee and/or agent of the Lone Tree Police Department and the City of Lone Tree;
LONE TREE POLICE DEPARTMENT, in its capacity as an agent and/or independent
contractor of the City of Lone Tree;
CITY OF LONE TREE, in its capacity as a governmental entity and as employer of Detective
Todd Pachello and Detective Tim Beals;
DETECTIVE RICARDO HERNANDEZ, individually and in his capacity as a paid peace officer
and as an employee and/or agent of the Mountain View Police Department and the City of
Mountain View;
MOUNTAIN VIEW POLICE DEPARTMENT, in its capacity as an agent and/or independent
contractor of the City of Mountain View;
CITY OF MOUNTAIN VIEW, in its capacity as a governmental entity and employer of
Detective Ricardo Hernandez;
SPECIAL AGENT MARK LEE, individually and in his capacity as a paid Special Agent and as
an employee and/or agent of the United States Drug Enforcement Agency, the Arvada Police
Department, and the City of Arvada;
ROBERTO RAMIREZ, in his individual capacity and in his official capacity as the Arvada City
Attorney and employee and or agent of the City of Arvada;
DAVID MICHAUD, individually and in his official capacity as Chairman of the Colorado Board

of Parole and as an employee of the State of Colorado;

BECKY R. LUCERO, individually and in her official capacity as Chairman of the Colorado Board of Parole and as an employee of the State of Colorado;

MICHAEL E. ANDERSON, individually and in his official capacity as Vice-Chair of the Colorado Board of Parole and as an employee of the State of Colorado;

DEBORAH C. ALLEN, individually and in her capacity as board member of the Colorado Board of Parole and as an employee of the State of Colorado;

MICKEY HECKENBACH, individually and in her capacity as board member of the Colorado Board of Parole and as an employee of the State of Colorado;

REBECCA L. OAKES,  individually and in her capacity as board member of the Colorado Board of Parole and as an employee of the State of Colorado;

JOHN M. O'DELL,  individually and in his capacity as board member of the Colorado Board of Parole and as an employee of the State of Colorado;

CELESTE M. QUINONES,  individually and in her capacity as board member of the Colorado Board of Parole and as an employee of the State of Colorado;

Colorado Board of Parole;

COLORADO BOARD OF PAROLE, as an agent of the State of Colorado;

STATE OF COLORADO;

THE UNITED STATES DRUG ENFORCEMENT AGENCY;

THE UNITED STATES OF AMERICA; and

JOHN DOES 1-20, whose names and identities are unknown, individually and in their capacity as governmental officers or employees; peace officers; and/or agents of the Arvada Police Department and/or the City of Arvada and/or the State of Colorado and/or the United States of America,

Defendants.

---

## ORDER

---

This matter arises on the **Motion for Reconsideration of Court's Denial of Plaintiff's Motion for Order Allowing Plaintiff to Obtain Discovery Helpful In Responding to Defendants' Motions to Dismiss "With Particularity of What Discovery is Needed and Why"** [Doc. # 193, filed 8/3/2011] (the "Motion to Reconsider"), which is DENIED.

I.

The plaintiff has sued numerous law enforcement officers, law enforcement agencies,

governmental entities, and others for damages resulting from injuries sustained "in a sting

operation" designed to facilitate the plaintiff's arrest. Second Amended Complaint [Doc. # 149,

filed 6/28/2011] at ¶68. According to the allegations of the Second Amended Complaint:

> 68.    In the evening of January 3, 2007, the Arvada Police
> Department; Colorado State Troopers; Denver Police officers,
> including the Denver Metro Auto Theft Team; Lone Tree police
> officers; and a Mountain View police officer; and/or other
> agencies; and the named Defendants herein, attempted to capture a
> person in a sting operation by luring him to a location where said
> DEFENDANT police officers were waiting for him heavily armed.
>
> 69.    When Plaintiff DARRELL HAVENS drove to the sting
> location in Denver, the car he was driving was immediately
> rammed by several undercover police vehicles while the vehicle
> that Plaintiff DARRELL HAVENS was driving was still moving
> and while it was still in gear and without legal justification,
> wrongfully and willfully shot DARRELL HAVENS rendering him
> a quadriplegic.
>
> 70.    Upon information and belief, On [sic] January 3, 2007,
> Darrell Havens was rammed, without warning, by a white K2500
> Chevy pickup truck, purportedly occupied by Defendant SANDY
> and Defendant JOHNSON, and a black Yukon, purportedly
> occupied by Defendant HERNANDEZ and DEA agent Mark Lee
> who engaged in intentional acts and omissions as factually alleged
> herein, including using a government vehicle to ram the vehicle
> driven by Darrell Havens, without justification, thereby resulting
> in unlawful, unreasonable shooting of Darrell Havens.
>
> 71.    Finally, Officer HERNANDEZ'S and Agent Mark Lee's
> actions in ramming the Audi driven by DARRELL HAVENS
> pushed the Audi into a blue Blazer purportedly occupied by
> Defendant MAYFIELD and Defendant BICKMORE. The vehicle
> driven by DARRELL HAVENS was then immediately hit by
> multiple gunshots and at least three passed through the vehicle and
> struck DARRELL HAVENS in the chest, neck, and mouth,
> purportedly fired by Defendant Johnson, which instantly paralyzed

DARRELL HAVENS and rendered him a quadriplegic at the
scene of the shooting.

<u>Id</u>.

By an Order [Doc. # 147] entered on June 24, 2011, I stayed discovery pending a

determination of the issue of qualified immunity, Eleventh Amendment immunity, and sovereign

immunity.  Order [Doc. # 147] at ¶4.  In opposing the stay of discovery, the plaintiff argued that

he may need discovery to respond to the defendants' motions to dismiss.  In response to that

assertion, I noted that "on an adequate showing after the motions are filed that discovery is

needed and the particularity of what discovery is needed and why, I will consider allowing so

much discovery as is necessary to respond to any dispositive motion."  Recording of

Proceedings, June 24, 2011, at 2:28:35 through 2:29:38 p.m.

On July 15, 2011, the plaintiff filed a Motion for Order Allowing Discovery [Doc. # 180]

(the "Motion for Discovery").  I denied that motion, finding that the plaintiff had made no

showing whatsoever that discovery is needed and had failed to describe the particular discovery

which he claims to require and why he needs it to respond to the defendants' motions to dismiss.

Order [Doc. # 192] at p. 5.

II.

First, the plaintiff asks that I reconsider my Order [Doc. # 192] denying the Motion for

Discovery.  Motions to Reconsider serve specific purposes and are not a means merely to

reargue, potentially interminably, matters previously presented and decided.  "Grounds

warranting a motion to reconsider include (1) an intervening change in the controlling law, (2)

new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest

injustice.  Thus, a motion for reconsideration is appropriate where the court has misapprehended

5

the facts, a party's position, or the controlling law."  Servants of the Paraclete v. Does, 204 F.3d

1005, 1012 (10th Cir. 2000)(internal citations omitted).  "It is inappropriate for the movant to

advance new arguments or supporting facts which were otherwise available for presentation

when the original . . . motion was briefed."  Pizza Management, Inc. v. Pizza Hut, Inc., 1989 WL

89937 *1 (D. Kan. July 19, 1989)(internal quotations and citations omitted).

The Motion to Reconsider at issue here is an inappropriate reargument of issues already

decided.  It does not allege manifest errors or law or fact, nor does it present newly discovered

evidence not available to the plaintiff when he filed the Motion for Discovery.  Instead, the

Motion to Reconsider merely advances additional arguments that were available to and fully

known by the plaintiff at the time the Motion for Discovery was filed, and could have been made

then, but were not.

III.

Regardless of the impropriety of the Motion to Reconsider, it again fails to specify what

discovery the plaintiff needs and why he needs it to respond to the pending motions to dismiss.

Although the plaintiff has now identified seven categories of discovery requested, he has made

no meaningful effort to explain why it is required to respond to a pending motion to dismiss.

Some of the motions to dismiss are, in their entirety, based on Fed. R. Civ. P. 12(b)(6),

arguing a failure to state a claim upon which relief can be granted.  As to arguments based on

Rule 12(b)(6), the court must accept the plaintiff's well-pleaded allegations as true and must

construe all reasonable inferences in favor of the plaintiff.  City of Los Angeles v. Preferred

Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir.

1976).  The plaintiff fails to address why he needs any discovery to respond to the arguments

6

subject to this standard of review.

Some of the defendants assert, in whole or in part, Eleventh Amendment and sovereign immunity as the bases for their motions to dismiss. Those arguments are brought pursuant to Fed. R. Civ. P. 12(b)(1), and the applicable standard of review has been described as follows:

> [A] party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

Although it is possible that the plaintiff might need discovery to respond to a motion to dismiss under Rule 12(b)(1), he has failed to offer any specific explanation as to how any of the requested discovery relates to and is necessary for him to respond to any pending motion to dismiss. Instead, he offers wholly conclusory explanations such as the discovery is "pertinent to the issues raised by Defendants in their various motions to dismiss," Motion to Reconsider [Doc. # 193] at p. 3, and "is pertinent given that Defendants have, in their motions to dismiss, raised issues regarding the location of various individuals." Id. at p. 4. These conclusory arguments do not convince me that the plaintiff requires the requested discovery in order to respond to the motions to dismiss.

IV.

IT IS ORDERED that the Motion to Reconsider [Doc. # 193] is DENIED.

Dated August 16, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge